UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No: 1:17-cv-24494

MARC CAESAR

       Plaintiff,

vs.

CITY OF MIAMI and FLORIDA DEPARTMENT OF CORRECTIONS

       Defendants.

_____/

## COMPLAINT

**COMES NOW** Plaintiff, MARC CAESAR (hereafter "Plaintiff") by and through undersigned counsel, states its Complaint against the Defendants, City of Miami (hereinafter, "Miami") and Florida Department of Corrections (hereinafter, "Corrections") as follows:

### PARTIES

1. Plaintiff, Marc Caesar is currently an inmate at the Robert A. Dayton Detention Facility, a private prison in Lovejoy, Georgia.

2. Defendant, City of Miami is and at all times herein mentioned, a City organized and existing under the laws of the State of Florida with principle offices located at 3500 Pan American Dr, Miami, FL 33133, in the City of Miami, County of Miami-Dade.

3. Plaintiff alleges that, at all times herein mentioned, the Defendant City of Miami's Agents were at all times acting within the purpose and scope of such agency and employment as City of Miami Employees

4. Defendant Florida Department of Corrections, is a state entity that operates state prisons in the State of Florida and responsible for the custody of inmates in state prisons and the supervision of offenders sentenced to probation or parole in the community.

## JURISDICTION

5. This Court has jurisdiction pursuant 28 U.S. Code § 1332(a).

6. In the alternative, this Court has supplemental jurisdiction pursuant to 28 U.S. Code § 1367(a).

## VENUE

7. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b).

8. All Parties as well as the acts and omissions complained of herein occurred and will continue to occur in the Miami-Dade County of the Southern District of Florida.

## DEMAND FOR JURY TRIAL

9. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts stated within and any issues so triable.

## ALLEGATIONS

10. This is a horrible case that based on the negligence of all Defendants, Plaintiff

suffered serious injuries that persist to this day.

11. Plaintiff was on a work release program in North Miami in Doral, Florida, and was working at Sports Car Wash during the period of late June to early July of 2016.

12. He signed out and was given a bag lunch to eat, as inmates are not permitted to stop in any other location to procure food. The food that was in the bag was a meat sandwich.

13. As Plaintiff was eating the sandwich, he noticed a strange taste to the sandwich, but assumed it was due to him smoking a cigar earlier that day.

14. When Plaintiff got to work, he asked another inmate in the same program if his sandwich also tasted strange. The inmate showed him his sandwich and the sight was horrific: Maggots crawling around the sandwich, the meat being clearly spoiled.

15. Plaintiff looked at the other sandwich in his brown bag that was given to him by the Work Release detention center, and saw that his other sandwich also had maggots all over it.

16. A few hours after hearing the sandwich, Plaintiff got sick at work and had to leave early.

17. Plaintiff informed the guards and police officers at the detention center that he reports to, and these officials sent him to a nearby clinic called the "Airport Clinic."

18. The medical doctor on staff informed Plaintiff that he had poisoning, and must be transported to the hospital.

19. Upon further inquiry, it turns out that the walk in freezer was constantly malfunctioning, and the kitchen staff frequently threw away meat products because

of this issue. However, this time, the kitchen staff did not dispose of the meat products, and the result was sandwiches filled with maggots.

20. Plaintiff suffered bleeding in his stool, stomach contortions and other physical changes, and severe sickness that almost killed him

21. Currently, Plaintiff has a physically damaged stomach and intestines because of the negligence of the Defendants.

22. He currently suffers every day and frequents medical professionals at the Robert A. Dayton Detention Facility because of persistent and constant stomach pain.

23. Plaintiff suffers both physically and emotionally on a daily basis because of the Defendants negligence in this case.

24. Before filing this lawsuit, Plaintiff, pursuant to Florida's Sovereign Immunity Statute, gave six months' notice to the City of Miami, Risk Management, Florida Department of Financial Services, and the Florida Department of Corrections

**COUNT I**
**NEGLIGENCE**
**(AGAINST FLORIDA DEPARTMENT OF CORRECTIONS)**

25. Plaintiff re-alleges and incorporates by reference as though fully set forth here the allegations contained in Paragraphs 1 through 24, and further states the following:

26. All staff, employees, workers, and prison guards were working as agents of the North Miami Corrections Department, Florida Department of Corrections, and/or City of Miami.

27. All staff, employees, workers, and prison guards were working for the benefit of North Miami Corrections Department, Florida Department of Corrections, and/or City of Miami, and under the color of title of authority bestowed to them by North

Miami Corrections Department, Florida Department of Corrections, and/or City of Miami.

28. Defendant, Florida Department of Corrections, labels itself as being ". . . responsible for the custody of inmates in state prisons and the supervision of offenders sentenced to probation or parole in the community."

29. Defendant, Florida Department of Corrections, has a duty of care to reasonably monitor staff and equipment to ensure that inmate are reasonably safe from harm.

30. Defendant, Florida Department of Corrections, knew, or should have known, its walk-in freezer was constantly breaking, resulting in the spoliation of food items.

31. Defendant, Florida Department of Corrections, breached its duty of care by failing to repair the broken freezer.

32. Defendant, Florida Department of Corrections, further breached its duty of care by serving contaminated meat, filled with maggots, to Plaintiff.

33. As a result of Florida Department of Corrections' Negligence, Plaintiff suffered severely, and continues to suffer severely

## COUNT II
## NEGLIGENCE
## (AGAINST CITY OF MIAMI)

34. Plaintiff re-alleges and incorporates by reference as though fully set forth here the allegations contained in Paragraphs 1 through 25, and further states the following:

35. All staff, employees, workers, and prison guards were working as agents of the North Miami Corrections Department, Florida Department of Corrections, and/or City of Miami.

36. All staff, employees, workers, and prison guards were working for the benefit of

North Miami Corrections Department, Florida Department of Corrections, and/or City of Miami, and under the color of title of authority bestowed to them by North Miami Corrections Department, Florida Department of Corrections, and/or City of Miami.

37. Defendant, City of Miami, has a duty of care to reasonably monitor staff and equipment to ensure that inmate are reasonably safe from harm.

38. Defendant, City of Miami, knew, or should have known, its walk-in freezer was constantly breaking, resulting in the spoliation of food items.

39. Defendant, City of Miami, breached its duty of care by failing to repair the broken freezer.

40. Defendant, City of Miami, further breached its duty of care by serving contaminated meat, filled with maggots, to Plaintiff.

41. As a result of the City of Miami Negligence, Plaintiff suffered severely, and continues to suffer severely.

## COUNT III
### VIOLATION OF U.S. CONSTITUTION - EIGHTH AMENDMENT CRUEL AND UNSUAL PUNISHMENT CLAUSE
### (AGAINST FLORIDA DEPARTMENT OF CORRECTIONS)

42. Plaintiff re-alleges and incorporates by reference as though fully set forth here the allegations contained in Paragraphs 1 through 24, and further states the following:

43. All staff, employees, workers, and prison guards were working as agents of the North Miami Corrections Department, Florida Department of Corrections, and/or City of Miami.

44. All staff, employees, workers, and prison guards were working for the benefit of

North Miami Corrections Department, Florida Department of Corrections, and/or City of Miami, and under the color of title of authority bestowed to them by North Miami Corrections Department, Florida Department of Corrections, and/or City of Miami.

45. The Defendant, Florida Department of Corrections, through its agents, showed a "deliberate indifference" to Plaintiff, and that caused a substantial harm to him.

46. A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment.

47. The Either Amendment imposes duties on Defendant's Florida Department of Corrections agents, and not just prisons, who must provide humane conditions of confinement. Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates."

48. Defendant, Florida Department of Corrections, acted more than just with mere indifference, or mere negligence, but acted grossly negligent because they knew of the unsanitary and highly dangerous condition of the meat found in that freezer.

### COUNT IV
### VIOLATION OF U.S. CONSTITUTION - EIGHTH AMENDMENT CRUEL AND UNSUAL PUNISHMENT CLAUSE
### (AGAINST CITY OF MIAMI)

49. Plaintiff re-alleges and incorporates by reference as though fully set forth here the allegations contained in Paragraphs 1 through 24, and further states the following:

50. All staff, employees, workers, and prison guards were working as agents of the North Miami Corrections Department, Florida Department of Corrections, and/or

City of Miami.

51. All staff, employees, workers, and prison guards were working for the benefit of North Miami Corrections Department, Florida Department of Corrections, and/or City of Miami, and under the color of title of authority bestowed to them by North Miami Corrections Department, Florida Department of Corrections, and/or City of Miami.

52. The Defendant, City of Miami, through its agents, showed a "deliberate indifference" to Plaintiff, and that caused a substantial harm to him.

53. A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment.

54. The Either Amendment imposes duties on Defendant's City of Miami agents, and not just prisons, who must provide humane conditions of confinement. Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates."

55. Defendant, City of Miami, acted more than just with mere indifference, or mere negligence, but acted grossly negligent because they knew of the unsanitary and highly dangerous condition of the meat found in that freezer.

56. Moreover, Defendant, City of Miami, has a duty to train its employees of proper hygiene in the kitchen when serving food.

57. Defendant, City of Miami, breached this duty, endangered the life of Plaintiff, and therefore demonstrated a deliberate indifference.

**WHEREFORE** Plaintiff requests for judgment against Defendant in an amount to be determined at trial, attorney's fees, all costs expended in this action,, and such other and further relief, which the court deems just and proper.

Dated: December 15, 2017

Respectfully submitted,

By:  Williams | Raikhelson
14 NE 1st Ave, Suite 1002
Miami, FL 33132
Telephone: (305) 766-0219
Email: aric@aricwilliamslaw.com
2nd email: aricwilliams@gmail.com

/s/ Aric N. Williams, ESQ
Aric N. Williams
Bar Number: 113724


Williams | Raikhelson, LLC.
14 NE  1st Ave, Suite 1002
Miami, FL 33132
Telephone:    (954) 895-5566
Email: arlaw@raikhelsonlaw.com

/s/ Andre G. Raikhelson, Esq.
Andre G. Raikhelson
Bar Number: 1234657